**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

JULIA NELSON                                                                                              PLAINTIFF
ADC #710619

V.                                          NO: 4:12CV00598 JMM

JOHN FELTS                                                                                              DEFENDANT

**ORDER**

Plaintiff Julia Nelson, an inmate who is currently incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2) on September 20, 2012, naming as a Defendant John Felts, who is chairman of the Arkansas Parole Board.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the

1

speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, who is black, Felts has violated her Equal Protection rights by granting parole to a large number of white inmates, while continuing to deny her parole. Plaintiff claims that the unequal treatment has occurred even though the white inmates have been convicted of violent offenses similar to, or more serious than, hers. Plaintiff further claims that when she notified Felts of her intent so sue, he began retaliating by cancelling her personal appearances before the parole board. Plaintiff seeks damages and her immediate release.

It is well settled that parole board members are absolutely immune from suit when considering or deciding parole questions. *Patterson v. Von Reisen*, 999 F.2d 1235, 1238-39 (8th Cir. 1993). It is clear that Plaintiff's claims against Felts are based on decisions he has made in considering or deciding parole questions. Accordingly, Felts enjoys absolute immunity, and Plaintiff's complaint must be dismissed.[1]

## III.  Conclusion

---

[1] Plaintiff's only remedy for challenging the lawfulness of her continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner generally must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions are DENIED.

DATED this 2nd day of October, 2012.

*[signature]*
UNITED STATES DISTRICT JUDGE